By the Court.
Sedcwicick, Ch. J.
The plaintiff is-said to be the only daughter and heir-at-law of defendant’s testator, which intimates that she was the only child. The testator left a widow. His estate was both personal and real. There were, at the time of death/ taxes and assessments which were hens upon the real property. These taxes and assessments were, by the statute, to be paid before unpreferred claims. There were unpreferred debts, as the findings say that the personal estate of the testator was apphcable to the payment of the debts of the testator. It does not appear that the defendant, as executor of the will, has paid any debts, or distributed any of the personal property. He has not paid any of the taxes and assessments referred to. The widow brought an action against the present defendant, as executor and trustee under the will, for a recovery of her dower in the real estate. What interest in the real estate, the executor as trustee had, is not disclosed. The plaintiff, the heir-at-law, was not made a defendant. Judgment was rendered September 30, 1883, that the real estate be sold—it is to be understood, for the purpose of having the value of the dower paid to the widow out of the proceeds of the sale. In pursuance of the directions of the judgment the real estate was sold, subject to the unpaid taxes and assessments that have been referred to, and under the sale, the plaintiff bought, and received a conveyance, subject to them. The findings state that on November 3, *357 1883, in an action between the plaintiff and the defendant here, a judgment was rendered that the trusts of the will were not legal, “ and that no estate vested in the defendant as trustee thereunder, but that upon the death of the said testator the land descended to the plaintiff or her heirs-at-law. ” It does not appear that there was any other heir than the plaintiff. ' It is not, however, disputed, that the plaintiff claims title under the purchase made by her and the deed to her afterwards given. She. brings this action to compel the defendant to pay out of the personal estate in his hands, as executor, the taxes and assessments subject to which she took title.
If the interests of the widow and of the creditors be left out of view, it does not appear that the plaintiff has, in fact, any pecuniary interest in the alleged cause of action. She, as the only child and heir, is entitled to the whole of the estate. It could make no pecuniary difference to her whether the personal estate or the value of the land was lessened by the payment of the taxes ; whichever paid it, she would in the end have the same amount of value. In form, and as a fact, when she bought subject to the taxes, it was the equivalent of an obligation to the defendant, that the land should be the primary fund for payment of taxes, and not the personal property of the estate. She thus consented that the executor need not apply the personal estate, and there is nothing shown that entitles her to reimpose upon Mm, in her favor, the duty of maMng such application.
In what way is the case changed by the existence of the widow’s interest in the land ? It would seem from the fmdings that the action of dower, in which the present defendant as executor was the sole defendant, was inefficacious against the present plaintiff, as heir, especially as the executor had no title or interest to or in the land. However, as she bought under the judgment in the action, she took by the deed to her what the parties to the action might properly have conveyed or released. No attention was given to this subject by counsel in argumg this ap *358 peal. The transaction was the same substantially as if the widow by private arrangement with the plaintiff conveyed or released to the latter the dower, after it had been assigned to her. The thing assigned would have been a life interest in one-third of the lands. The plaintiff took the conveyance- of it, subject to the payment of the taxes upon it or the whole of the land. The dower interest was in law not subject to be applied to payment of any part of the taxes (Harrison v. Peck, 56 Barb. 265). The facts contained in the findings do not show whether the judgment in the action of dower, had valued the dower as if it were to bear no portion of the taxes. If we presume that it did, as it should be presumed that the judgment proceeded upon correct rules of law, then it cannot be inferred that the plaintiff reserved any part of the value of the dower right, for out of the purchase money she paid on the sale under the judgment, the whole value of the dower estate was paid to the widow. These considerations would leave the plaintiff’s interest as heir, subject to the payment of taxes, so far as the form of the deed she received would affect the matter.
I have considered the plaintiff’s purchase of the land, as if it were a private transaction between the parties. It will be found that such is the view most favorable to the plaintiff. It is necessary then, to ascertain the implications as to the rights of the parties from the actual facts and the relations of the parties. The defendant, there and here, having been an actual party to the transaction, it is to be asked if any part of the transaction affected him as executor or trustee ? The fact, that the plaintiff took the land, subject to the taxes, creates a presumption, if the other facts will allow the presumption, that it was taken because the executor or trustee had representatively some interest which would be served, and the plaintiff was under obligation to protect that interest, through the implied agreement that the land should be the primary fund for the payment of taxes. We observe passingly, that this action involves the rules *359 that control the marshalling of assets, and the issue is, should the personal property or the land be first applied, under the circumstances of the case ? The defendant as executor was a trustee of the estate, for the benefit of those interested in it, in the order of preference established by statute. So far as the estate was concerned, he represented in their order, first, the city to which the taxes were to be paid, next, the unpreferred creditors, next the widow and the plaintiff as distributees of the balance if any. The claims of creditors against the estate were first to be paid out of the personalty. But it is to be specifically noticed that if the personal property were not sufficient to pay the creditors, the land of the plaintiff as heir-at-law, could be sold by the surrogate, on application of the executor. On such a sale, its proceeds would be applied, first to unpaid indebtedness, and the surplus to the plaintiff as heir-at-law. Nothing would prevent the plaintiff, in view of the possibilities that the land would have to be sold for debts, to arrange it so that the taxes should be paid out of her land, and the personalty be applied to unpreferred debts, so that her land should not be sold for any part of the latter. And the sale and its circumstances amount to this; namely, she consented, through the forms adopted at the sale and the giving of the deed, to hold a sufficient part of the land, to be primarily applied to taxes. Equitably, it was a declaration by her that she held that part of the land for that purpose. If it be necessary to find a consideration, it is found in her being permitted to use her land, freed from the inconvenience and liability to loss from a sale under proceedings by the executor to sell for unpaid debts ; that is, that the executor will not undertake to appropriate her land, if by her appropriating it herself she pay the taxes, raises the rank of the unpreferred debts in the course of the administration, and in that way prevents her land being sold for the debts, or any part of them. The result would be, if she is held to the implications from the language of the deed, that if the executor were *360 obliged to pay the taxes out of the personalty, he could in favor of other creditors, whom he represents as well as representing the testator, take hold of the primary fund alluded to, and apply it to the indemnification of the creditors, without applying to the surrogate.
There is no proof of the amount of indebtedness, or whether the personalty is sufficient to pay all of the indebtedness, or of the manner in which the widow’s right as a distributee would be affected, by an enforcement of the judgment made below. If the plaintiff is to be released from the obligation she apparently assumed, it should be only after she has affirmatively shown that it will be injurious to no one interested in the estate.
In fact, she has once consented, that the executor should primarily apply the land and not the personalty. She does not show in this action any reason why she should be permitted to withdraw that consent, when it appears that the probable result would be unfavorable to creditors, in some way or to some extent.
If, however, the defendant here, when he was defendant in the action of dower, had the legal title to the land, and the plaintiff here is bound by the provisions of the judgment to consider that he had title, then there is still less reason for avoiding the consequences of her buying subject to the taxes.
The judgment should be reversed, and a new trial ordered, with costs to abide event.
Truax, J., concurred.